The People of Puerto Rico, Plaintiff and Appellee, *v.*
Eladio Carrasquillo, Defendant and Appellant.

No. 8838.    Argued July 21, 1941.—Decided July 23, 1941.

*Rafael A. Arroyo Díaz* for appellant.    *Emilio de Aldrey, Acting Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

A complaint was filed in the Municipal Court of Gurabo against Eladio Carrasquillo for violating Sections 16(1), 34 and 55 of the Internal Revenue Law, and it was alleged therein as follows:

"That on May 18, 1938, at 4 p. m., the said defendant in his commercial establishment in the ward of Mamey, Gurabo, within the municipal judicial district of Gurabo, which forms part of the judicial district of Humacao, did unlawfully, wilfully, and maliciously and with the intent to defraud the Insular Treasury of Puerto Rico, then and there, have in his possession, at his disposal, in his commercial establishment 44 cigars without having affixed thereto and canceled the proper amount in internal revenue stamps showing that the tax thereon had been paid."

The defendant was convicted both in the municipal court and, on appeal, in the District Court of Humacao, and sentenced to pay a fine of $100 or, in default of such payment, to thirty days in jail, with costs.    Thereupon he took an appeal to this court, and he urges that the lower court erred

in convicting him upon a complaint which fails to state facts sufficient to constitute a public offense, and in weighing the evidence which was insufficient to support the judgment.

As we have reached the conclusion that the second error assigned was committed, we think it unnecessary to pass upon the first assignment.

The second assignment relates to the weighing of the evidence by the lower court, and the assistant prosecuting attorney of this court, after analyzing the same, maintains that it is insufficient and consents to the reversal sought by the appellant. We have read the statement of the case which contains a recital of the testimony of the witnesses for both sides and we agree that the summary of it made by the prosecuting attorney and the conclusion reached by him in his brief are correct. We transcribe them below:

"The witness Manuel Arroyo Martínez (as well as the witness Eloy Colondres, whose testimony was cumulative evidence) testified briefly that at the time mentioned in the complaint he called in his capacity as internal revenue agent of the Treasury Department at the commercial establishment of Eladio Carrasquillo, who held a license for selling cigars and cigarettes, located on the highway between Juncos and Gurabo within the district of Gurabo; that upon entering the shop the witness together with another witness named Colondres, the latter walked to the left and entered a small parlor next to the shop where there was an open package of cigars on a shelf in an ordinary paper bag; that upon getting near such place a person who was in the parlor seized the package and ran away throwing the same in a cane field nearby and then fled followed by the witness Colondres who retrieved the package but did not know who was the person who ran away. The witness does not know who lived in the living quarters next to defendant's shop where lay the half-opened package of cigars which was afterwards seized. The defendant, who was not at the time in the shop, arrived later. The package of cigars did not bear any internal revenue stamps affixed to it. The witness testified that defendant in addition to being a merchant was the manager of a property owned by Ramón Berríos of Gurabo. The door between the shop and the living quarters of

the house was open at the time the internal revenue inspectors called at defendant's shop.

"The evidence for the defense consisted in the testimony of defendant himself who testified, in short, that the house occupied by the shop belongs to Félix Carrión and that the witness occupies the shop, the rear of the shop and a private room used by the clerk as a bedroom; that in addition there is an apartment next to the shop itself consisting of a parlor, a mantel shelf, a dining room, three bedrooms, and a kitchen at the back; that these living quarters are leased to and occupied by Julio de León, and the witness has leased the part occupied by the shop. He stated that the cigars introduced in evidence were never in his shop, and that he had nothing to do with them.

"The witness Rafael Arroyo Ríos testified that he knew that the defendant lived in a dwelling house two or three hundred meters away from the shop and that the residential apartment next to the shop was not occupied by the defendant and that neither the latter nor any of his relatives had ever lived there.

"Such is, briefly, the evidence introduced.

"We do not think that it has been proved beyond a reasonable doubt that the cigars belonged to the defendant, for it apepars from the evidence for the prosecution that they were not seized in the shop itself where the stock was kept, which included cigars and cigarettes for sale. There are no statements from any of the witnesses for the prosecution to the effect that the defendant also lived or occupied in any way the residential apartment next to the shop, the only circumstance before us being that the door between the shop and the apartment was open. Such circumstance, however, seems to us insufficient to attach any liability to the defendant for some cigars found in that parlor *over which it was not shown* that the defendant had any control. There was a third person, the one who tried to get rid of the cigars, who was not the defendant and whose identity no one knew. Such person was not in defendant's shop but in the apartment adjoining the shop.''

As the second error assigned has been committed, the judgment appealed from must be reversed and the defendant discharged.